IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FIDEL CLARK,** | : CIVIL ACTION NO. 1:21-CV-1167 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **FIDEL CLARK, COMMONWEALTH OF PENNSYLVANIA, PHILADELPHIA COUNTY, KEVIN KAUFFMAN,** | : |
| Respondents | : |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 filed by petitioner Fidel Clark ("Clark"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania. Named as respondents are Fidel Clark(c)™, the Commonwealth of Pennsylvania, Philadelphia County, and Superintendent Kevin Kauffman. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the court will dismiss the petition.

---

[1] Rule 4 provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4. A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . " Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

I. **Factual Background**

Clark asserts that he filed this action under the admiralty jurisdiction of 28 U.S.C. §§ 1331, 1333, and 1343.  (Doc. 1 at 2-3).  He contends that he is the sole proprietor of the trade name Roalston Stevenson Kingston®(c)™.  (Id. at 4).  Clark alleges that respondents violated his Sixth Amendment rights based on his misunderstanding of the charges in his criminal indictment.  (Id. at 6-7).  He asserts that respondents took possession of his private property for their personal financial gain in violation of the Fifth Amendment.  (Id. at 8-9).  Clark next alleges that respondents took possession of his person in violation his Eighth Amendment right to be free from cruel and unusual punishment.  (Id. at 9-10).  He further asserts that respondents "viewed him as an artificial person and legal entity in order to get subject matter jurisdiction," in violation of the Ninth Amendment.  (Id. at 10).  He further explains that respondents infringed upon his rights by incorrectly identifying him in his criminal filings.  (Id. at 11-12).  Finally, Clark alleges that respondent Kauffman is a "slave-master" and is holding him against his will.  (Id. at 12).  He requests that the court order respondent Kauffman to "discharge said private property/chattel-slave/vessel/intellectual property: Fidel Clark®(c)™ from his private custody and restraint."  (Id. at 13).  In addition, Clark requests an injunction prohibiting respondents from "publishing, selling, [or] marketing" his trade name and to turn over all documents bearing his trade name.  (Id. at 14-15).

II. **Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 45, 494

2

(1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 HARV. L. REV. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is *not* an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Even under the most liberal reading of the petition, summary dismissal is appropriate. Clark bases his habeas claims on maritime law. He primarily argues that respondents are copyright infringers, and he seeks relief based on the alleged copyright infringement of the name Fidel Clark®(c)™. The claims are misplaced, and Clark has provided no basis in law or in fact for relief under maritime law or the Copyright Act. See e.g., Montalvo v. Montalvo, 2008 WL 4533935, *3 (W.D. Va. 2008) ("The court simply finds no ground upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement."). Clark's sovereign citizen allegations are difficult to decipher and rise to the level of the irrational. Simply stated, there is no legal theory upon which he can rely. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) (holding that "a

3

finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). Thus, the court finds that the habeas petition is frivolous and obviously lacking in merit, and "it plainly appears from the petition and [the] attached exhibits that the petitioner is not entitled to relief in the district court." See R. GOVERNING § 2254 CASES R. 4.

### III.  Conclusion

We will dismiss the petition for writ of habeas corpus. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      October 19, 2021